Filed 12/10/20  Malaga County Water Dist. v. Central Valley Regional Water Quality etc. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MALAGA COUNTY WATER DISTRICT,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>CENTRAL VALLEY REGIONAL WATER QUALITY CONTROL BOARD,<br><br>        Defendant and Respondent. | F078776<br><br>(Super. Ct. No. 16CECG03036)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Rosemary T. McGuire, Judge.

Costanzo & Associates and Neal E. Costanzo for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Robert W. Byrne, Assistant Attorney General, Randy L. Barrow and Nhu Q. Nguyen, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

This is the second of two appeals arising out of Fresno Superior Court case No. 16CECG03036, and one of several appeals currently pending between Malaga County Water District (Malaga) and the Central Valley Regional Water Quality Control Board (Water Quality Board).  The parties are in an ongoing dispute regarding Malaga's wastewater treatment facility.  In various administrative proceedings, Malaga has been

fined for improper discharges and alleged failures to execute legally mandated actions in its business operations. Malaga, for its part, has alleged that the Water Quality Board has regularly and consistently violated Malaga's rights in order to improperly impose fines or otherwise disrupt Malaga's business activities.

## FACTUAL AND PROCEDURAL BACKGROUND

In a companion appeal, the Water Quality Board appealed following a finding that it had relied on an invalid underground regulation when conducting proceedings related to Malaga (case No. F078327). After the trial court's ruling, Malaga sought its costs and its attorney fees. Relevant to this appeal, Malaga sought costs related to its attempt to file an administrative record. This request was denied, in part, because Malaga's original submission of the record had been struck. Malaga contends both the decision to strike the filing and the striking of its costs were improper. With respect to its attorney fees, Malaga sought its full fees under Code of Civil Procedure section 1021.5, which permits the recovery of fees when the underlying action resulted in the enforcement of an important right affecting the public interest, a significant benefit has been conferred on the public, and the necessity and financial burden of enforcement makes the award appropriate. The trial court denied this request, concluding that Malaga's financial interest in prevailing in the litigation disqualified it under the financial burden prong.

Returning to the companion appeal, in our resolution of that case we concluded that although a void underground regulation had been utilized, the trial court incorrectly determined that error required reversal. We thus reversed the trial court's order and remanded for further proceedings. Based on this result, we must also vacate the trial court's costs and attorney fees order. We specifically note that the court should independently examine the issues and exercise its discretion should these issues arise again in the case.

2.

## DISCUSSION

We conclude that our opinion reversing the trial court's order on the merits in case No. F078327 supports vacating the costs and attorney fees order. (See *Ventas Finance I, LLC v. Franchise Tax Bd.* (2008) 165 Cal.App.4th 1207, 1212 [reversing attorney fees award following partial reversal of judgment]; *City of Sacramento v. State Water Resources Control Bd.* (1992) 2 Cal.App.4th 960, 978–979 [reversing attorney fees award under Code Civ. Proc., § 1021.5, following reversal in mandate proceeding]; *Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284 [" 'order awarding costs falls with a reversal of the judgment' "].) Awards for both costs and attorney fees require a prevailing party. (Code Civ. Proc., §§ 1032, subd. (b), 1094.5, subd. (a).) As we have reversed the trial court's order on the merits, Malaga is no longer a prevailing party. We do not reach the parties' other arguments pertaining to the costs and attorney fees awarded. Should these issues arise in the case again, the trial court shall exercise its discretion in the first instance based on the facts of the case at that time.

## DISPOSITION

The December 13, 2018 order is vacated, and the is matter remanded. The trial court may exercise its discretion in deciding whether to award costs and attorney fees should the issue arise again.

The parties are to bear their own costs on appeal.


                                                                                        HILL, P.J.

WE CONCUR:



LEVY, J.



DETJEN, J.

3.